Littleton, Judge,
delivered the opinion of the court:
We are of opinion from the facts that there is no merit in defendant’s counterclaim and that plaintiff is therefore entitled to judgment for $6,981.16. This conclusion is not premised entirely upon defendant’s failure to sustain its-counterclaim by sufficient proof but is supported by facts which clearly refute the counterclaim made.
*490 The issue is one of fact and is whether the plaintiff received and used, or otherwise failed to account for, the quantity •of fabricated material constituting the difference between ■the total amount received by defendant’s ordnance officer at plaintiff’s factory and the amount on hand and in his possession upon termination of all operations, or otherwise accounted for by him.
Defendant’s counterclaim is based upon the assertion that •the plaintiff did receive and use, or failed to account for, the quantity in question.
It may be admitted that the total quantity of fabricated material in question was shipped to the ordnance officer at the plaintiff’s factory and that this total quantity was transported in sealed cars from an ordnance officer at the factory ¡of the fabricating concerns to the ordnance officer on duty at the plaintiff’s factory. It was received by the latter, was •checked with the documents describing the consignment, and was subsequently held under the latter’s custody and assured •control 'Until .such time as he from time to time either issued portions of it to the plaintiff for use in the manufacture ¡of fuses, or transported portions elsewhere upon orders re•ceived by him from his superior officer. When materials were issued to the plaintiff it was the established practice and procedure, which was followed, to require the presentation of a requisition for a designated quantity, and in no •other circumstances could the fabricated material be secured; nor was it ever otherwise issued. The stamp or notation by an officer or employee of the plaintiff upon the form AGO-■600 was not' a receipt by plaintiff of the material but was only for the purpose of putting plaintiff upon notice that the materials were on hand in the possession of the defendant’s ordnance officer and available for issuance to plaintiff upon specific requisition. During the interval between the receipt and the issuance to plaintiff upon specific requisition, or transmittal to other factories, the fabricated material was stored in locked storerooms especially provided for that purpose. Admission to such storerooms was entirely under the. control of defendant’s ordnance officer.
The practice.of accounting of the defendant’s ordnance ¡officer at plaintiff’s plant was as follows: Upon arrival of *491 the cars containing a consignment the seals of the cars were broken by the ordnance officer or one of his subordinates, the contents were removed and stacked on a loading platform where it was weighed or counted, and the quantity checked with the items noted in the bills of lading or other documents of advice; it was then moved by labor furnished by plaintiff, but always under the supervision of the defendant’s officers, into the Government storeroom. A record of the quantities received was then noted by the defendant’s ordnance officer on cards in his office, and the total quantity received and on hand computed. Subsequently, the quantities issued from time to time upon presentation of requisitions, or otherwise disposed of by shipments in accordance with orders, were noted on the reverse side of the same cards. In no instance was a notation made upon these cards of facts other than the quantity taken from the storerooms for issuance in compliance with the plaintiff’s requisition, or transportation in compliance with orders received. In other words, the defendant’s records contained only a bare notation of the quantities received and passed out, but did not indicate whether issued to the plaintiff or otherwise disposed of.
The contents of the foregoing records were in turn extended upon official forms required to be filled out and filed by the ordnance officer. The plaintiff’s requisitions were duly preserved by this same official, but later they were either lost or destroyed. In any event, the requisitions for material made by plaintiff were not produced in evidence and no proof of the fact showing the amount of material requisitioned by plaintiff, or issued to it, was made. Nor did the requisitions of the plaintiff, or the material issued thereon, serve as a basis for the subsequent audit made by the defendant which now constitutes the basis of its counterclaim. In the light of these facts and in the absence of proof which was in the defendant’s possession from which the exact quantity of material used by plaintiff could be determined, we are not justified in adopting the inferences urged by the defendant that the plaintiff received the material for which the defendant seeks to charge it.
*492 The substance of the defendant’s contention is conjectural, supported by inferences seldom persuasive and in no instance •conclusive, and very often directly in conflict with clear and explicit evidence obviously true. The foundation of the defendant’s contention is an audit, one of several, made sometime in the period 1920 to 1924. The auditor could not ■justify many discrepancies shown in the defendant’s records and he had no authoritative records from which to work.
The facts do not sustain the defendant’s counterclaim and the plaintiff is therefore entitled to recover the amount sued for about which there is no controversy.
In view of our conclusion on the defendant’s counterclaim, it is unnecessary to examine into the question of the quantity, value, and disposition of the forgings or the probable freight charges for transportation to and from the fabricating factories, the allowance made or not made to the fabricating manufacturers, or the question of the value of the fuses used in testing operations. All of these are subordinate to the main fact. They were the subject of consideration, adjustment, and agreement upon the occasion of the settlement agreement between the parties to the various contracts of manufacturer, and presumably were disposed of upon the basis of a determination satisfactory to the parties at that time.
Plaintiff is entitled to recover $6,981.16, for which judgment will be entered.
Williams, Judge; Geeek, Judge; and Booth, Chief Justice, concur.
Witaley,’ Judge, did not hear and took no part in the decision of the case.